**STATE of Missouri, Respondent,**

v.

**Guy T. WOOLFOLK, Appellant.**

**No. ED 84585.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 15, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 21, 2006.

John P. Rogers, Clayton, MO, for appellant.

Shaun J. Mackelprang, Stephanie Morrell, Jefferson City, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J., GEORGE W. DRAPER III, J., and KENNETH M. ROMINES, J.

## ORDER

PER CURIAM.

Guy Woolfolk (hereinafter, "Defendant") appeals from the trial court's judgment after a jury convicted him of one count of robbery in the first degree, Section 569.020 RSMo (2000) and one count of felonious restraint, Section 565.120 RSMo (2000). Defendant, a prior and persistent offender, was sentenced to serve concurrent terms of twenty-five years and fifteen years, respectively.

Defendant raises three points on appeal. First, Defendant argues the trial court violated his constitutional right to present a defense when it failed to find the State committed a *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, (1963) violation by withholding information regarding one of the investigating police officers. Second, Defendant alleges the trial court abused its discretion in granting the State's motion in limine restricting testimony with respect to the termination of one of the investigating police officers. Finally, Defendant argues his right to equal protection was violated when the State used six of seven peremptory challenges to strike African–American women from the venire panel, thus violating *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We affirm.

We have reviewed the briefs of the parties, the legal file, and the transcript on appeal and find no error. An opinion reciting the detailed facts and restating the principles of law would have no precedential value. We have, however, provided a memorandum opinion, only for the use of the parties, setting forth the reasons for our decision. The judgment is affirmed pursuant to Rule 30.25(b).